United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Miodrag Cakarevic, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-21536-Civ-Scola |
| | ) |
| Royal Caribbean Cruises, LTD., | ) |
| Defendant. | ) |

### Order Granting Motion to Dismiss and Compelling Arbitration

This matter is before the Court on Defendant Royal Caribbean Cruises, LTD.'s motion to dismiss and compel arbitration. (Mot. Dismiss, ECF No. 4.) Plaintiff Moidrag Cakarevic responded in opposition and included in his response a motion to remand. (Mot. Remand, ECF No. 7.) The Defendant responded in opposition and replied in support of its own motion. (Def.'s Resp., ECF No. 14.) The Plaintiff has not submitted a reply in support of his motion to remand, and the time to do so has passed. After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Defendant's motion to dismiss and compel arbitration. (**ECF No. 4**.)

1. **Background**

Plaintiff Moidrag Cakarevic originally filed his complaint against Defendant Royal Caribbean Cruises, LTD. ("Royal Caribbean") in Florida state court. (Compl., ECF No. 1-4.) Cakarevic seeks damages against Royal Caribbean, the owner of the vessel M/V *Horizon*, on which Cakarevich worked as a seaman, through one count for unseaworthiness under maritime law (Count I) and one count for failure to provide maintenance and cure, also under maritime law (Count II). (*Id.* ¶¶ 2, 6-7, 28-39.) Cakarevic's claims center around his contracting of COVID-19 during a cruise he worked on in March of 2020. (*Id.* ¶ 8.) He claims that Royal Caribbean created a dangerous situation for him (and other crewmembers) when it allowed passengers to board the *Horizon* on March 14, 2020, despite the various international warnings then present about the dangers of the nascent COVID-19 pandemic. (*Id.* ¶¶ 18-24.)

Royal Caribbean removed this matter from state court and subsequently moved to dismiss and compel arbitration under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). Royal Caribbean argues that Cakarevic's employment agreement with Pullmantur Ship Management, Ltd ("Pullmantur") contains an arbitration agreement that covers the claims at issue here and that is enforceable under the New York Convention. (Mot. Dismiss at 2-3 ¶¶ 5-6; Mot. Dismiss Ex. 2 ¶ 12(a),

ECF No. 4-2.) Although Cakarevich and Pullmantur are the parties to this agreement, Royal Caribbean argues that its language addresses the claims at issue here and that Royal Caribbean may enforce the agreement under principles of equitable estoppel. (Mot. Dismiss at 6-12.) Cakarevic, in turn, argues that Royal Caribbean, as a non-party, may not enforce the agreement, and that his claims are not related to the employment agreement because they are common-law maritime claims. (Mot. Remand at 5-17.) Therefore, Cakarevic argues, the Court lacks subject-matter jurisdiction under the New York Convention and must remand. (*Id.*)

The employment agreement's arbitration clause contains the following language, on which the Court must rely in addressing both parties' motions:

> 12. JURISDICTION AND ARBITRATION
>
> A. All grievances and any other dispute whatsoever, whether in contract, regulatory, statutory, common law, tort or otherwise relating to or in any way "connected with the Employee's service for the Owners/Company under the present Agreement, including but not limited to claims for personal injury/disability or death, no matter how described, pleaded, or styled, and whether asserted against the Owners/Company, Master, Employer, Ship Owner, vessel or vessel operator shall be referred to and resolved exclusively by mandatory binding arbitration pursuant to the United Nations Conventions on the Recognition and Enforcement of Foreign Arbitral Awards (New York 1958), 21 U.S.T. 2517, 330 U.N.T.S., ("The Convention"), except as provided by any government mandated contract.

(Mot. Dismiss Ex. 2 ¶ 12(a).)

### 2. Legal Standard

The New York Convention is a "multi-lateral treaty that requires courts of a nation state to give effect to private agreements to arbitrate and to enforce arbitration awards made in other contracting states." *Thomas v. Carnival Corp.*, 573 F.3d 1113, 1116 (11th Cir. 2009). The Convention is enforced through the Federal Arbitration Act. 9 U.S.C. §§ 201, et seq. In accordance with the Convention, "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, . . . the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States." 9 U.S.C. § 205.

The Eleventh Circuit has described the following as the "four jurisdictional prerequisites" that must be met under the New York Convention: (1) there is an

agreement in writing to arbitrate the dispute within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a Convention signatory; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states. *Bautista v. Star Cruises*, 396 F.3d 1289, 1294, 1295 n. 7 (11th Cir. 2005). Where these jurisdictional requirements are not met, removal is improper. *See Wexler v. Solemates Marine, Ltd.*, No. 16-CV-62704, 2017 WL 979212, at *3 (S.D. Fla. Mar. 14, 2017) (Bloom, J.) ("If . . . the arbitration clause . . . is not applicable to some or all of the claims at issue, then the Court does not have subject matter jurisdiction of those claims and those claims must be remanded.") Conversely, where these requirements are met, a "court must enforce [the] agreement to arbitrate under the Convention." *See Ruiz v. Carnival Corp.*, 754 F. Supp. 2d 1328, 1330 (S.D. Fla. 2010) (Cooke, J.).

### 3. Analysis

The Court finds that the Plaintiff is equitably estopped from disclaiming the arbitration provision in his employment agreement with Pullmantur. Therefore, the Court must grant Royal Caribbean's motion to dismiss and compel the Plaintiff's claims to arbitration, consistent with the terms in his employment agreement. This outcome is compelled by Eleventh Circuit case law and the plain terms of the arbitration provision itself.

The Plaintiff argues that the Court should not consider the agreement because it is not referenced in his complaint (nor is his relationship with Pullmantur addressed at all). (Mot. Remand at 5-6.) He also argues that the Southern District of Florida has remanded cases on similar grounds. (*Id.* at 6-7 (citing *Pineda v. Oceania Cruises, Inc.*, 283 F. Supp. 3d 1307, 1310 (S.D. Fla. 2017) (Scola, J.).) Finally, he argues that Royal Caribbean is not entitled to enforce the arbitration provision because it is not a party to the employment agreement, it is not a specifically identified third-party beneficiary, and because the Plaintiff's claims here are common-law maritime claims, not contractual claims. (*Id.* at 8-17.)

But each of these arguments ignores the Eleventh Circuit's clear guidance on these matters. Equitable estoppel is available to allow a nonsignatory to compel arbitration in two circumstances: (1) "when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory"; and (2) "when the signatory to the contract containing the arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999) (quotations and alterations omitted).

Under binding Eleventh Circuit precedent, the first circumstance is clearly met here.

Cakarevic's employment on the *Horizon*—and therefore his maritime law claims relating to that employment—was an "immediate, foreseeable result of his contractual duties" with Pullmantur. *Martinez v. Carnival Corp.*, 744 F.3d 1240, 1246 (11th Cir. 2014). His claims for unseaworthiness and failure to provide maintenance and cure "clearly arose out of or in connection with" that contract: without Pullmantur's employing Cakarevic as a seaman, he would not have been a seaman on Royal Caribbean's vessel and therefore would not be eligible for the maritime remedies he seeks. *Id.* at 1246-47 (holding that Jones Act and maritime claims against non-signatory shipowner were required to be arbitrated under terms of seaman's arbitration agreement with employer); *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1220-21 (11th Cir. 2011) (holding that seaman's claims relating to shipboard sexual assault must be arbitrated against non-signatory shipowner under terms of seaman's arbitration agreement with employer).

The plain terms of Cakarevic's employment agreement with Pullmantur cover his claims against Royal Caribbean. The arbitration provision requires that **"[a]ll grievances and any other dispute whatsoever**, whether in contract, regulatory, statutory, common law, tort or otherwise **relating to or in any way 'connected with the Employee's service** for the Owners/Company under the present Agreement, including but not limited to **claims for personal injury/disability** or death, no matter how described, pleaded, or styled, and **whether asserted against the** Owners/Company, Master, Employer, **Ship Owner**, vessel or vessel operator shall be referred to and resolved exclusively by mandatory binding arbitration . . . ." (Mot. Dismiss Ex. 2 ¶ 12(a) (emphasis added).) The arbitration provision contemplates that maritime law claims will be arbitrated. And it contemplates that claims against the shipowner will be arbitrated. This language is simple, clear, and straightforward.

This Court's decision in *Pineda* is therefore inapplicable to the arbitration provision at issue here. 283 F. Supp. 3d at 1310-11. In that case, the arbitration clause stated the following:

> Grievances and disputes arising on the [relevant] vessel[] or in connection with this Agreement which cannot be resolved onboard or between the parties shall be referred to arbitration . . . .
>
> . . . .
>
> Where a seafarer raises a grievance after leaving the vessel, the grievance shall be referred to the Unions at Rome and the Company at Miami, Florida and representatives of the parties shall promptly confer to resolve the grievance or refer it to arbitration.

*Id.* at 1309. The Court found that provision was not sufficiently broad enough to cover claims against the shipowner when the plaintiff asserted claims against the shipowner. *Id.* at 1310-11. The arbitration provision at issue here is much more similar to those provisions that the Eleventh Circuit has held must be arbitrated. In *Martinez*, the arbitration provision required that "any and all disputes arising out of in connection with this Agreement," including those relating to the seaman's "service on the vessel" were subject to arbitration. 744 F.3d at 1245. Similarly, in *Doe*, the seaman's arbitration agreement required that "any and all disputes . . . relating to or in any way arising out of or connected with the Crew Agreement," including claims for "personal injury . . . shall be referred to and resolved exclusively by binding arbitration." *Doe*, 657 F.3d at 1214-15 (cleaned up).[1]

Because Cakarevic's claims fall within the scope of his arbitration agreement, then, he is equitably estopped from avoiding the terms of that agreement with regards to his claims against Carnival. *Doe*, 657 F.3d at 1221 ("All five of these claims are based on allegations that are dependent on [the plaintiff's] status as a seaman employed by the cruise line and the rights that she derives from that employment status . . . . Because these five claims (counts I-V of the amended complaint fall within the scope of the arbitration provision, the district court erred by denying [the defendant cruise line's] motion to compel arbitration."). His claims against Royal Caribbean must therefore be resolved through binding arbitration, consistent with the terms of his employment agreement.

### 4. Conclusion

For the reasons stated above, the Court **grants** the Defendant's motion to dismiss and compel arbitration. (**ECF No. 4**.) The parties are compelled to submit the claims at issue to arbitration. The Plaintiff's claims are therefore **dismissed with prejudice**, and the Court **denies** the Plaintiff's motion to remand. (**ECF No. 7**.) The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on June 14, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] In fact, it appears that Cakarevic's arbitration provision in his employment agreement with Pullmantur is nearly word-for-word the same as the provision that the Eleventh Circuit held to be enforceable by a non-signatory shipowner in *Doe*. (Mot. Ex. 2 ¶ 12(a)); 657 F.3d at 1214-15.